UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v.-<br><br>WILLIE MURRAY,<br><br>                    Defendant. | 24 Cr. 72 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

On January 15, 2025, this Court issued an order that, among other things, required staff at the Metropolitan Detention Center in Brooklyn, New York (the "MDC"), to provide Defendant Willie Murray with "access to a computer that has both the ability to review electronic discovery and legal research capabilities for no less than two hours per day, every day, until further order of the Court."  (Dkt. #38 (the "January 15 Order")).  Since the issuance of the January 15 Order, the Court has obtained additional information regarding the manner in which the Government has produced discovery to Mr. Murray, as well as the different ways by which Mr. Murray can access that discovery.  As a result, the Court issues this superseding Order concerning Mr. Murray's access to computers.  Substantial assistance has been provided to the Court over the past few days by the Government, by Standby Counsel Meredith Heller, and by the Legal Department at the MDC; the Court extends its thanks to each of them.

The Court has been advised by the Government that the Government intends to reproduce the hard drive containing certain discovery that had previously been produced to Mr. Murray; the original hard drive, in accordance

with the parties' protective order (Dkt. #8), contained the electronic discovery that had not been designated as "Attorney's Possession Only" (or "APO"). The Court ORDERS the Government to produce the replacement hard drive to Mr. Murray on or before **March 7, 2025**. Until then, Mr. Murray may continue to use the original hard drive. In addition, and as discussed during the Court's telephone conference with the parties on February 26, 2025, the Government is ordered to install the non-APO discovery onto a laptop for Mr. Murray's use on or before **March 7, 2025**, and then promptly provide that laptop to MDC staff for their review of its contents.

The Court understands that the discovery materials installed on the laptop and on the replacement hard drive will be nearly identical to those contained on the original hard drive. However, the Government has identified a subset of materials that are particularly sensitive; those are being loaded onto the laptop only, so that Mr. Murray can view, but not print, these documents. Because of that change in the content of the replacement hard drive, Mr. Murray will now be permitted to keep the replacement hard drive in his possession and use it in his housing unit; by contrast, once it has been reviewed by MDC staff, the laptop will be kept in the West Visiting Room (the "Visiting Room").

In terms of Mr. Murray's access to non-APO discovery going forward, the Court ORDERS as follows: From the date of this Order until the date the laptop is available for Mr. Murray's use, but no later than **March 11, 2025**, the MDC must permit Mr. Murray up to three hours of access to the Law Library

each weekday between 9:00 a.m. and 3:00 p.m. to review his discovery, conduct legal research, and prepare his motions. Such access is separate from, and additional to, any time that Mr. Murray may spend reviewing APO discovery with his standby counsel, Meredith S. Heller.

However, as detailed above, the means by which Mr. Murray can access discovery are changing. *First*, Mr. Murray will soon have access to a laptop, and the Court contemplates that the laptop will be the principal means by which Mr. Murray reviews his discovery going forward. *Second*, Mr. Murray will be able to keep the replacement hard drive with him in his housing unit; the Court contemplates that Mr. Murray will now use the computers in his housing unit as the principal means by which he conducts legal research, prints documents, and prepares his motions, as well as using those computers as a secondary means of reviewing his discovery. Accordingly, once the MDC completes its review of the laptop, the Court ORDERS MDC staff to provide Mr. Murray with reasonable access to the laptop in the Visitor Room during its hours of operation; the Court understands that the Visitors Center is open from 8:00 a.m. to 7:30 p.m. on weekdays, and from 8:00 a.m. to 3:00 p.m. on weekends and holidays. Mr. Murray is directed to make arrangements with his housing unit officer each time he wishes to go to the Visitor Room. With respect to legal research, printing and copying, and drafting of motions, the Court expects that Mr. Murray will primarily use the computers in his housing unit, and that he will have access to the Law Library on the day or days designated for his housing unit. In other words, given the increased access to

his discovery via the laptop and the replacement hard drive, the Court is no longer ordering the MDC to provide Mr. Murray with daily access to the Law Library.

The Court directs the staff at the MDC, to whom it has provided a copy of this Order, to provide a copy of the Order to Mr. Murray. In addition, the Clerk of Court is directed to mail a copy of this Order to Mr. Murray at the following address:

> William Murray, #12116-506
> MDC Brooklyn
> Metropolitan Detention Center
> P.O. Box 329002
> Brooklyn, NY 11232

SO ORDERED.

Dated: February 28, 2025
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge